RAYMOND C. FISHER, Circuit Judge,
dissenting:
1. Asylum and Withholding of Removal. I disagree that Singh’s persecution was not based on an imputed political opinion. The politically motivated acts of violence against Singh’s father, culminating in murder, and the physical assault on his mother for questioning his father’s disappearance, directly involved and affected Singh as a percipient witness and family member. Singh was also present when police told his mother that he would be the first one killed if the family continued its search for Singh’s father. This death threat, together with the violent and politi *619 cally motivated acts against Singh’s parents, amounted to persecution. See Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir. 1997) (holding that threats specifically directed at the applicant, together with threats and physical violence directed at his family members, can rise to the level of persecution); see also Hernandez-Ortiz v. Gonzales, 496 F.3d 1042, 1046 (9th Cir. 2007) (holding that, in evaluating past persecution, an IJ is required to consider physical violence directed against family members that the applicant witnessed when he was a child).
Although Singh was not politically active himself, the political motivation that drove the police attacks on his father likewise motiyated the attacks against Singh’s mother and the death threat to Singh. See Silaya v. Mukasey, 524 F.3d 1066, 1070-72 (9th Cir.2008) (concluding that the applicant had suffered persecution on account of a political opinion imputed to her based on her father’s politics, where her persecutors indicated that they knew who she was, knew who her father was and chose her as a victim because of her father’s politics). The BIA’s conclusions to the contrary are thus not supported by substantial evidence. Accordingly, I respectfully dissent.
Given Singh’s past persecution, the burden shifts to the government to demonstrate that there has been a fundamental change in circumstances such that Singh no longer has a well-founded fear of future persecution. See Ahmed v. Keisler, 504 F.3d 1183, 1197 (9th Cir.2007). I would therefore remand this issue to the BIA.
2. Convention Against Torture. Because Singh suffered past persecution, and is therefore presumed to have a well-founded fear of future persecution, I would also remand Singh’s CAT claim to the BIA to reconsider whether he has shown that it is more likely than not that he will be tortured if removed to India. See Wakkary v. Holder, 558 F.3d 1049, 1067-68 (9th Cir .2009).